Mr. Justice Baker delivered the opinion of the court: The lands concerning which this controversy has arisen were in 1894 sold at tax sale for the delinquent taxes of 1893 and prior years. Appellant became the purchaser of the lands at such sale, and now holds the certificate of purchase, the lands not having, as yet, been redeemed. It seems that in 1879 the Indian Grove Drainage District was organized in Adams county under the Levee Drainage act of that°year. The lands above mentioned are a part of the lands lying within that district. The lands comprised within the district have been subjected to two assessments for the purpose of building levee protection—one in 1880 and the other in 1881. The levees were built, and paid for by issuing bonds upon said assessments. Afterwards, with the view to enabling the land owners to pay the assessments and the interest thereon, a compromise was agreed upon by and between the commissioners of the district, the land owners and the holders of the entire issue of bonds under the first assessment and of seventy-nine one-hundredths of the issue of bonds under the second assessment, and as the result of such agreement, upon the application of the commissioners and land owners and by consent of those parties and of said bondholders, an order was, on November 21, 1888, entered in the county court of said county which recited, among other things, that the interest tax under said assessments might be paid in coupons of said bonds. Appellant sought to pay, with such coupons, the interest taxes of 1894—to the extent of the interest of the bondholders consenting to the above order—assessed against the lands for which he holds the tax certificate, but the collector of the district refused to accept them. Thereafter the county treasurer made application to the county court for a judgment for taxes against said lands, to which appellant objected on the ground that he had tendered payment. When filing his objections he renewed the tender of payment in coupons. The court overruled the objections, and entered judgment against the lands. Prom that judgment this appeal is prosecuted. Neither these bonds nor their coupons purport to be .receivable for taxes due to the district, nor is there any statute making such coupons receivable for taxes. Section 154 of the Revenue act (Starr & Curtis, p. 2074,) provides that such taxes shall be collected in gold and silver coin, United States legal tender notes, and in current national bank notes, and in no other currency, unless otherwise specially provided for. Appellant contends that the payment of these taxes by coupons was “otherwise specially provided for” by the compromise order of November 21, 1888. That order was the outcome of an agreement between the commissioners, land owners and a part of the bondholders, and if binding at all was binding upon those parties only. The county treasurer, who applied for the judgment in question, could in no way be affected by it. He is an officer of the county, in no way connected with the district, and when appellant’s lands were returned to him delinquent it became his duty to collect the taxes due upon them in the manner provided by law. Section 34 of the Drainage act (Starr & Curtis, p. 929,) directs him to proceed “as in ordinary collections of State and county taxes.” If the treasurer were bound to the observance of said order, even then it would not have been his duty, for reasons hereafter appearing, to accept the tender made by appellant. In the view we take of the case it can make no difference whether the averment and proof of a tender of payment to the district collector of the amount of the taxes due would have constituted a good and sufficient objection to the county treasurer’s application for judgment, since, in our opinion, appellant’s offer and attempt to pay said taxes to the collector in coupons was not a good tender. If the order of November 21, 1888, made coupons receivable in payment of interest taxes, appellant could not profit by it, for it plainly appears from the order, and from the stipulation upon which it was based, that such privilege was to be enjoyed by the land owners alone. It expressly says that “the interest coupons of the now outstanding bonds may be used by. the owners of land to pay interest tax at the face of said coupons.” And appellant is in no sense a land owner, within the contemplation of that order. His only interest in the lands is the lien represented by his tax certificate, and is adverse to the interests of a land owner. It follows, therefore, that the judgment of the court below was right, and it is accordingly affirmed. Judgment affirmed.